WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Antonio Colli-Briceno, | No. CV-26-02284-PHX-DWL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2241.  The petition is fully briefed. For the reasons that follow, the petition is granted in part—although Petitioner is not entitled to immediate release from custody, he is entitled to a bond hearing.

## I.     Background

The relevant facts are as follows.  Petitioner is a native and citizen of Mexico who entered the United States without inspection in March 2007.  (Doc. 1 ¶ 9.)  In December 2017, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner by issuing him a notice to appear.  (*Id.* ¶ 11.)  On October 31, 2022, an Immigration Judge issued an order of removal.  (*Id.* ¶ 13.)  That removal order is not administratively final because Petitioner has appealed to the Board of Immigration Appeals and his appeal remains pending.  (*Id.* ¶ 14.)

On May 21, 2025, Petitioner was arrested by state law enforcement authorities in California on suspicion of committing the felony offense of "Battery With Serious Bodily Injury," in violation of California Penal Code § 243(d).  (Doc. 6-1 at 8.)  However,

Petitioner was never charged with any offense arising from that arrest and has since been released from state custody. On May 27, 2025, the Ventura County District Attorney's Office wrote Petitioner a letter that stated: "The Ventura County District Attorney's Office recently received a crime report for the incident that occurred on May 21, 2025, listing you as suspected of committing a crime. After careful review of the information available, it has been determined that criminal charges will not be filed at this time. While there is no current plan to file criminal charges relative to this incident, the District Attorney's Office could review the matter in the future upon the receipt of new information and re-evaluate this decision." (Doc. 7-1.)

On September 25, 2025, "while reporting for a routine ICE check-in" and despite his "continued compliance with all conditions," Petitioner was arrested by ICE officials and taken into immigration custody. (Doc. 1 ¶ 17.) "Petitioner has remained continuously detained since that date." (*Id.* ¶ 18.)

On April 3, 2026, Petitioner filed the habeas petition, which seeks "immediate release from custody." (Doc. 1 at 15.) The petition is now fully briefed. (Docs. 6, 8.)

**II.     Discussion**

Respondents identify two reasons why Petitioner should be deemed subject to mandatory detention. First, Respondents argue that "unadmitted applicants for admission apprehended within the United States are seeking admission and are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)." (Doc. 6 at 3-5.) Respondents acknowledge that the Ninth Circuit has not yet resolved this issue (despite hearing oral argument in early March 2026), that there is a split of authority on this issue outside the Ninth Circuit, and that "the majority of district courts, including this one, have rejected their position." (*Id.*)

For the reasons discussed in *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz. 2025), the Court concludes that Respondents' first argument, although "presenting a complicated and debatable question," lacks merit and "that § 1226(a), rather than § 1225(b)(2)(A), applies in this circumstance." *Id.* at *5. The Court eagerly awaits further guidance from the Ninth Circuit on this issue, but until then, it will continue to follow

*Echevarria*.

Respondents' second argument is that Petitioner is subject to mandatory detention under the post-Laken Riley Act version of 8 U.S.C. § 1226(c). (Doc. 6 at 2-3.) As background, § 1226(c) "mandates detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony." *Demore v. Kim*, 538 U.S. 510, 518 (2003). In *Demore*, the Supreme Court rejected a constitutional challenge to the version of § 1226(c) that was in effect at that time, emphasizing the "fundamental premise of immigration law" that "[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Id.* at 522 (cleaned up).

In 2025, via the Laken Riley Act, Congress amended § 1226(c) by expanding the categories of aliens who are subject to mandatory detention during removal proceedings. *See generally Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 499-500 (5th Cir. 2026) ("Not all aliens detained under § 1226(a) are eligible for release on bond. If an alien has committed one of the criminal offenses enumerated in § 1226(c), he loses his bond eligibility. The Laken Riley Act, enacted in 2025, expanded § 1226(c) by adding new bases for ineligibility for bond."); *Hernandez Alvarez v. Warden, Fed. Detention Ctr., Miami*, 175 F.4th 1258, 1278 (11th Cir. 2026) ("Section 1226(c) . . . limits the detain-or-release authority of § 1226(a), by rendering ineligible for release aliens who are either 'inadmissible' or 'deportable' for the reasons enumerated in the statute. Following the recent passage of the Laken Riley Act, Congress expanded the mandatory detention provisions of § 1226(c) . . . ."). As relevant here, § 1226(c) now encompasses "any alien who . . . is charged with, *is arrested for*, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added).

Respondents focus on the italicized portion of this provision, arguing that because

Petitioner "was arrested in California, for committing Battery with Serious Bodily Injury in violation of Penal Code § 243(d) in May 2025," it follows that Petitioner is subject to mandatory detention under § 1226(c)(1)(E)(ii).  (Doc. 6 at 2-3.)  Petitioner disagrees, arguing that (1) Respondents "have failed to demonstrate" that he "falls within the statute's covered category"; and (2) alternatively, it would be unconstitutional to uphold mandatory detention under § 1226(c)(1)(E)(ii) based solely on an arrest where, as here, "the predicate charge has been dismissed."  (Doc. 7 at 2-4.)

The Court agrees with Petitioner's first argument and thus declines to reach his second argument.  *Camreta v. Greene*, 563 U.S. 692, 705 (2011) ("[A] longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.") (cleaned up).  In *Helbrum v. Williams Olson*, 2025 WL 2840273 (S.D. Iowa 2025), the court addressed a similar issue.  In that § 2241 proceeding, the government argued the petitioner was subject to mandatory detention under § 1226(c)(1)(E)(ii) because he had been "charged with" a state-law criminal offense, even though the charges were later dismissed.  *Id.* at *1 ("[Petitioner] is an asylum-seeker from Colombia who was arrested and charged in early July 2025 with fifth degree theft for allegedly stealing items from Walmart valued at $76.11.  Immediately following his charges, federal immigration officials took him into custody.  Petitioner denies having stolen anything, however, and the charges against him were dismissed with prejudice within three weeks of being filed.  Nonetheless, federal officials argue that he remains subject to mandatory detention; in their view, a person 'is charged with' theft once-and-for-all when charges are filed even if those charges are later dismissed with prejudice.").  The court rejected this argument as a matter of statutory construction, explaining that the statute "requires detention of a person who 'is charged with' one of the enumerated offenses" and that "[t]he use of the present tense is conspicuous and important.  Under common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person 'is charged with' that crime, present tense.  By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is

mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute." *Id.* at *5. The court elaborated:

> The plain-language interpretation of § 1226(c)(1)(E)(ii) is reinforced by the surrounding language in other ways, too. In relevant part, § 1226(c)(1)(E)(ii) makes detention mandatory in five scenarios involving enumerated offenses: (1) "is charged with," (2) "is arrested for", (3) "is convicted of," (4) "admits having committed,["] and (5) "admits committing acts which constitute the essential elements of." These categories track the progression of a criminal case. Criminal cases start either with the filing of charges ("is charged with") or the arrest of a person ("is arrested for") pending the filing of such charges. Either way, section 1226(c)(1)(E)(ii) compels the Attorney General to take the person into custody. At some point, however, all charges are resolved, including, in many instances, through a conviction. Because a person who "is convicted of" a crime no longer "is charged with" that crime, the words "is convicted of" establish that detention remains mandatory following conviction. . . .
>
> The point is that § 1226(c)(1)(E)(ii) recognizes that a person "is charged with" a crime (present tense) only until those charges are resolved. If the resolution is a conviction ("is convicted of") or involves the person making some other admission of guilt ("admits having committed" or "admits committing acts which constitute the essential elements of"), then § 1226(c)(1)(E)(ii) continues to make detention mandatory. By contrast, based on the recurring use of the present tense for each stage of the criminal process, the statute no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply.

*Id.* at *6 (citations omitted).

The Court finds this analysis persuasive. Although there was a brief period of time in May 2025 during which it would have been accurate to say that Petitioner "*is* arrested for" the crime of Battery With Serious Bodily Injury, that description was no longer accurate by the time of Petitioner's arrest by ICE in September 2025 or by the time Petitioner filed his habeas petition in April 2026. At each of those points in time, Petitioner's arrest was a thing of the past and his criminal proceedings in California had not progressed to the successive stages contemplated by § 1225(c)(1)(E)(ii)—there was no present charge or present conviction. It follows that Respondents cannot invoke § 1225(c)(1)(E)(ii) as the basis for detaining Petitioner without a bond hearing. Although

- 5 -

"Congress intended to cast a wide net for mandatory detention when it passed the Laken Riley Act," "Congress achieved its goal . . . by, among other things, making detention mandatory for any noncitizen who 'is charged with' one of the enumerated offenses. What Congress did not do is make detention mandatory for anyone who 'was charged with' one of those offenses (past tense) but had the charges dismissed without a conviction or some other admission of guilt. Had this been Congress's intent, it surely knew how to find the right words." *Helbrum*, 2025 WL 2840273 at *7 (cleaned up).

The last issue to be addressed is the issue of the appropriate remedy. Although Petitioner asks the Court to "order [his] immediate release from custody" (Doc. 1 at 15), this is not the correct remedy under the circumstances. As discussed above, Petitioner's detention is governed by § 1226(a), not § 1225(b)(2)(A) or § 1225(c). But under § 1226(a), Petitioner is not entitled to immediate release. Instead, he is simply entitled to a bond hearing.

Accordingly,

**IT IS ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted in part**.

2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before detention.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner or providing a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 29th day of July, 2026.

_____
Dominic W. Lanza
United States District Judge

- 6 -